IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**SAMUEL A. MOATS,**

       **Petitioner,**

v.                                                                                                                  Civil Action No. 5:06cv14
                                                                                                                (Judge Stamp)

**EVELYN SEIFERT,**[1] **Warden,**

        **Respondent.**

## OPINION/REPORT AND RECOMMENDATION

On February 6, 2006, Petitioner filed a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 alleging that his sentence is illegal and unconstitutional because it violates the due process clause of the United States Constitution.[2] After Petitioner paid the required filing fee, the Respondent was directed to show cause why the writ should not be granted. The Respondent filed an Answer and a Motion to Dismiss on August 1, 3006. On August 16, 2006, the Court issued a Roseboro Notice to the pro se Petitioner. Petitioner filed objections to the Respondent's answer and motion to dismiss on September 8, 2006. This case is before the undersigned for a Report and Recommendation on the Respondent's motion to dismiss.

In the answer, the Respondent generally denies that any violation of Petitioner's

---

[1] In the petition, Petitioner names Thomas McBride, the Warden of the Mt. Olive Correctional Center as the respondent in this case. However, as noted in the answer (dckt. 14), Petitioner is currently incarcerated at the Northern Regional Correctional Facility where the Warden is Evelyn Seifert. Thus, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Evelyn Seifert is hereby substituted as the proper party respondent in this case.

[2] Specifically, Petitioner asserts that the penalties set forth in W.Va. Code § 61-8D-5, the statute under which Petitioner was convicted, violates his right to due process because his discharge date and parole eligibility date are the same, thereby depriving him of his right to be considered for parole.

constitutional rights occurred during his state court criminal proceedings. Respondent then concedes that Petitioner's § 2254 petition was timely filed and that Petitioner has exhausted his state remedies with respect to the claims raised in the petition.

In the motion to dismiss, the Respondent further asserts that Petitioner has failed to state a claim for which relief can be granted. In support of the motion, Respondent argues that violations of state law and procedure which do not infringe upon a specific constitutional right, are not cognizable on federal habeas. See Estelle v. McGuire, 502 U.S. 62 67-68 (1998); see also Weeks v. Angelone, 176 F.3d 249, 262 (4th Cir. 1999). Therefore, Respondent argues that petitions raising claims that rest solely on state law fail to state a claim for which relief may be granted. See Weeks, 176 F.3d at 262.

Applying these concepts to this case, the Respondent argues that Petitioner raises only issues of state law and that he claims no violation of a specific constitutional protection. However, the Respondent seemingly contradicts its own argument by acknowledging that Petitioner makes a constitutional due process argument. The Respondent concludes by asserting that because Petitioner's claim relates solely to a question of state law, the petition should be dismissed.

Here, the undersigned is of the opinion that Petitioner has very clearly stated his claim as one arising under the due process clause of the United States Constitution. Although Petitioner's claims may be rooted in state law, he asserts that the state law in question, as applied to his sentence, violates a specific constitutional protection. Accordingly, the undersigned believes that Petitioner's claim is cognizable on federal habeas review and that the Respondent's Motion to Dismiss should be denied.[3]

---

[3] This conclusion does not signify an opinion as to the actual merits of Petitioner's claim.

Moreover, because the Respondent has only generally denied that a violation of Petitioner's constitutional rights has occurred, the undersigned is of the opinion that the Respondent should be made to file an additional response on the merits of Petitioner's claim.

In addition, the undersigned notes that where a state court has made a decision on the merits of a petitioner's claim, as was done here, a federal habeas court is confined to reviewing whether the state court's determination "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." Bell v. Jarvis, 236 F.3d 149, 158 (4th Cir.), cert. denied, 524 U.S. 830 (2001). In order to do so, the federal habeas court must review the state court's findings of fact and conclusions of law, as well as its actual ruling on post-conviction relief. See 28 U.S. C. § 2254(d)(2); see also Tucker v. Ozmint, 350 F.3d 433, 439 (4th Cir. 2003).

Here, the undersigned notes that while the Respondent has provided the Court with a copy of the state court's ruling on Petitioner's post-conviction motion, that Order does not contain the Courts findings of facts and conclusions of law. See Respondent's Motion (dckt. 15) at Ex. 6. It appears from the denial Order that the Court's findings of facts and conclusions of law were filed separately, as an opinion letter dated May 13, 2005, and merely incorporated by reference. Id. However, that opinion letter has not been filed with this Court and the Court cannot conduct an appropriate review of the state court's decision without a copy of that opinion letter. Thus, the Respondent should also be directed to file the opinion letter of May 13, 2005, referenced by the state court in its Order Denying Petitioner's Request for Habeas Corpus Relief, and containing the state court's findings of fact and conclusions of law with regard to the claims raised in Petitioner's state habeas petition.

3

For the foregoing reasons, it is the recommendation of the undersigned that the Respondent's Motion to Dismiss (dckt. 15) be DENIED and that the Respondent be directed to file an additional response in accordance with this Opinion.

Within ten (10) days after being served with a copy of this opinion, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections should also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Opinion/Report and Recommendation to the *pro se* petitioner and counsel of record.

DATED: December 8, 2006.

/s *John S. Kaull*

JOHN S. KAULL  
UNITED STATES MAGISTRATE JUDGE