IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

SAMUEL A. MOATS,

    Petitioner,

v.                             Civil Action No. 5:06CV14
                                       (STAMP)
EVELYN SEIFERT,[1] Warden,
Northern Regional Jail and
Correctional Facility,

    Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I.  Background

On February 6, 2006, petitioner, Samuel A. Moats ("Moats"), filed a petition under 28 U.S.C. § 2254 for writ of habeas corpus by a person in state custody. In the petition, Moats challenges the validity of a sentence imposed in the Circuit Court of Preston County, West Virginia. The Court directed the respondent to show cause why the writ should not be granted, and on August 1, 2006, the respondent filed an answer and a motion to dismiss. The Court issued a Roseboro notice to the pro se petitioner, and the petitioner subsequently filed objections to the respondent's answer and motion to dismiss. The motion to dismiss was referred to

---

[1] In the § 2254 petition, petitioner names Thomas McBride, the warden of the Mt. Olive Correctional Center, as the respondent in this case. However, as noted in respondent's answer, petitioner is currently incarcerated at the Northern Regional Jail and Correctional Facility where the warden is Evelyn Seifert. Therefore, pursuant to Federal Rule of Civil Procedure 25(d), Evelyn Seifert is substituted as the proper party respondent in this case.

United States Magistrate Judge John S. Kaull for recommendation pursuant to Local Rule of Prisoner Litigation Procedure 72.01. Following review of the motion to dismiss, Magistrate Judge Kaull submitted a report and recommendation. Neither the petitioner nor the respondent filed objections.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a de novo review of those portions of the magistrate judge's findings to which objection is made. However, failure to file objections to the magistrate judge's proposed findings and recommendation permits the district court to review the recommendation under the standards that the district court believes are appropriate and, under these circumstances, the parties' right to de novo review is waived. See Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982); Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Accordingly, this Court reviews the report and recommendation of the magistrate judge for clear error.

## II. Discussion

In the motion to dismiss, respondent contends that the petitioner has failed to state a claim for which relief can be granted. In support of this contention, respondent argues that the petitioner alleges only violations of state law rather than federal law. It is well-established that "federal habeas corpus relief does not lie for errors of state law." Estelle v. McGuire, 502 U.S. 62, 68 (1991)(citing Lewis v. Jeffers, 497 U.S. 764 (1990)). Rather, "[i]n conducting habeas review, a federal court is limited

to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle, 502 U.S. at 68.

In his petition, Moats alleges that his sentence is illegal because, if he receives good time while in prison, he will not be eligible for parole until he is released from prison. Magistrate Judge Kaull determined that, contrary to the assertion of the respondent, the petitioner clearly states a claim in his petition as one arising under the due process clause of the United States Constitution. This Court finds no clear error in the magistrate judge's conclusion because the petitioner alleges in his petition that his sentence violates both the West Virginia Constitution and the United States Constitution. Accordingly, the magistrate judge's recommendation that respondent's motion to dismiss be denied must be affirmed.

Because the parties have not objected to the report and recommendation of the magistrate judge, and because this Court finds that the magistrate judge's recommendation is not clearly erroneous, the ruling of the magistrate judge is hereby AFFIRMED and ADOPTED in its entirety. Because the respondent's answer only generally denied that a violation of petitioner's constitutional rights occurred, the respondent is DIRECTED to file an additional response on the merits of petitioner's claim. Additionally, to facilitate federal habeas review, the respondent is DIRECTED to file **within thirty days** from the entry of this order the opinion letter of May 13, 2005, referenced by the state court in its order

denying petitioner's request for habeas corpus relief, and containing the state court's findings of fact and conclusions of law with regard to claims raised in petitioner's state habeas petition.

Moreover, the respondent's failure to object to the magistrate judge's proposed findings and recommendation bars the respondent from appealing the judgment of this Court. See 28 U.S.C. § 636(b)(1); Wright v. Collins, 766 F.2d 841, 845 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the petitioner and to counsel of record herein.

DATED: January 24, 2007

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE