IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**SAMUEL A. MOATS,**

        **Petitioner,**

**v.**　　　　　　　　　　　　　　　　　　　　　**Civil Action No. 5:06cv14**
　　　　　　　　　　　　　　　　　　　　　　　　**(Judge Stamp)**

**EVELYN SEIFERT, Warden,**

        **Respondent.**

## OPINION/REPORT AND RECOMMENDATION ON
## THE RESPONDENT'S MOTION FOR SUMMARY JUDGMENT

On February 3, 2006, the petitioner filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. After payment of the required filing fee, the undersigned conducted a preliminary review of the file and determined that summary dismissal was not warranted at that time. Accordingly, the respondent was directed to show cause why the petition should not be granted.

On August 1, 2006, the respondent filed an Answer and Motion to Dismiss. In the answer, the respondent recognized that the petition was timely filed and that the petitioner had exhausted all available state court remedies. In addition, the respondent generally denied that any violation of the petitioner's constitutional rights had occurred. In the motion to dismiss, the respondent argued that the petitioner had failed to state a federal constitutional claim.

On August 16, 2006, the Court issued a Roseboro Notice in which the *pro se* petitioner was advised on his right to file a response to the respondent's dispositive motion. The petitioner filed his objections to the respondent's motion on September 8, 2006.

On December 8, 2006, the undersigned issued an Opinion/Report and Recommendation in

which it was recommended that the respondent's motion to dismiss be denied. No objections were filed and that Opinion was adopted on January 24, 2007. The respondent was thereafter directed to file a response on the merits of the petitioner's claim.

On February 21, 2007, the respondent filed a Motion for Summary Judgment asserting that there are no genuine issues of material fact in dispute and that the respondent is entitled to judgment as a matter of law. A Roseboro Notice issued on March 1, 2007, again advising the *pro se* petitioner of his right to file responsive material to a dispositive motion. On March 9, 2007, the petitioner filed his reply. Additionally, on March 12, 2007, the respondent filed a supplement to its summary judgment motion. The supplement consists of the opinion letter issued by the state court in denying the petitioner's state habeas petition.

This case is before the undersigned for a report and recommendation on the respondent's motion for summary judgment.

**I. Procedural History**

**A. Petitioner's Conviction and Sentence**

The petitioner was indicted in the Circuit Court of Preston County, West Virginia, on seven counts of Sexual Abuse by a Parent, Guardian or Custodian in violation of W.Va. Code § 61-8D-5(a). Petition at 6A. On December 2, 2003, the petitioner pled guilty to counts one, two, six and seven. Id. In exchange, the State dismissed grounds, three, four and five, and agreed to recommend a sentence of no less than 20 years, nor more than 40 years. Memorandum in Support of Motion for Summary Judgment (hereinafter Memorandum) (dckt. 26) at 8. During these proceedings, the petitioner was represented by counsel. Petition at 6A.

After conducting a plea colloquy and determining that the petitioner's plea was knowing and

voluntarily entered, the state court accepted the petitioner's guilty plea and sentenced him to an indeterminate term of 20-40 years. Memorandum at 8. More specifically, the petitioner was sentenced to 10-20 years on each count he pled to, with Counts one, two and six to run concurrently, and Court seven to run consecutively. Petition at 6A.

## B. Direct Appeal

It is not clear from the pleadings whether or not the petitioner filed an appeal of his conviction and sentence.

## C. Petitioner's State Habeas Petition

The petitioner filed a state habeas petition with the Circuit Court of Preston County, in which he alleged that his sentence was illegal and unconstitutional. Petition at 3. The petitioner's state habeas petition was denied on May 13, 2005, and he appealed that decision to the West Virginia Supreme Court of Appeals. Id. The petitioner's appeal was refused on November 3, 2005. Id.

## D. Petitioner's Federal Habeas Petition

In his federal habeas petition, the petitioner asserts that his sentence is illegal and unconstitutional. Petition at 5. More specifically, the petitioner asserts that his sentence is illegal because if he receives good time while in prison, he will not be eligible for parole until the day he is released from prison. Petition at 6C. The petitioner explains that in West Virginia, an inmate is eligible for parole under W.Va. Code § 62-12-13 if he

> (1)(A) has served the minimum term of his or her indeterminate sentence, or has served one fourth of his or her definite term sentence, as the case may be, . . .
> (2) is not in punitive segregation or administrative segregation as a result of disciplinary action;
> (3) has maintained a record of good conduct in prison for a period of at least three months immediately preceding the date of his or her release on parole;
> (4) has submitted to the board a written parole release plan setting forth proposed plans for his or her place of residence, employment and, if appropriate, his or her

3

plans regarding education and post release counseling and treatment, the parole release plan having been approved by the commissioner of corrections or his or her authorized representative; and
(5) has satisfied the board that if released on parole he or she will not constitute a danger to the community.

The petitioner further explains that he was sentenced under the 1998 version of § 61-8D-5, which requires a sentence of 10-20 years. However, prior to 1998, that code section required a sentence of only 5-15 years.

The petitioner also asserts that pursuant to § 62-12-13, he is eligible for parole only after service of the minimum sentence. In this case, the petitioner was sentenced to two terms of 10-20 years giving him a minimum sentence of 20 years. However, pursuant to W.Va. Code § 28-5-27, an inmate in the penitentiary is also entitled to a reduction in his sentence for good time. This credit is to be applied at a rate of one day of good time for each day served. Therefore, in the petitioner's case, assuming that he gets one day of good time for each day served, he would be eligible for release at 20 years. In other words, the petitioner asserts that he will be released via good conduct credit, on the same day he becomes eligible for parole. Thus, the petitioner asserts that he will not be able to receive the rehabilitative benefits of his good time credit.[1]

Alternately, the petitioner asserts that his substantial liberty interest in parole was eliminated by the 1998 revisions of W.Va. Code § 61-8D-5. In support of this argument, the petitioner asserts that the 1998 version of the statute eliminates his ability to obtain parole release and that such a scheme violates his right to due process.

---

[1] In West Virginia, good time credit was designed to advance the goal of improved prison discipline. Woods v. Whyte, 247 S.E.2d 830, 832 (1978). "[T]he purpose of awarding good time credit is to encourage not only rehabilitative efforts on the part of the inmate by encouraging the industrious and orderly, but also to aid prison discipline by rewarding the obedient." Woodring v. Whyte, 242 S.E.2d. 238, 246 (1978).

4

In support of this claim, the petitioner asserts that under the pre-1998 version of § 62-8D-5, he would have been sentenced to two terms of 5-15 years giving him an aggregate sentence of 10-30 years. Thus, he would have been eligible for parole after 10 years and eligible for good time release after 15 years, thereby ensuring him the benefit of both the parole and good time statutes. However, under the post-1998 version of the statute, the petitioner argues that he is eligible for parole and good time release on the same date. Therefore, he can never be eligible of parole and his substantial liberty interest in parole is denied. The petitioner asserts that this violation of his due process rights renders his sentence unconstitutional. To correct this violation, the petitioner asserts that the 1998 version of the statute must be voided and he must be resentenced under the pre-1998 version to 5-15 years on each count.

**E. Respondents' Contentions**

The respondent contends that there is no constitutional right of a convicted person to be conditionally released before the expiration of a valid sentence. Memorandum at 8. However, the respondent concedes that a state may affirmatively create a liberty interest by enacting mandatory statutes which limit the parole board's discretion. Id. Moreover, the respondent acknowledges that the West Virginia Supreme Court of Appeals has recognized a cognizable liberty in the procedures used to grant or deny parole. Id. at 9. However, the respondent asserts that there is no due process right to parole eligibility in West Virginia. Id.

In support of this claim, the respondent notes that the West Virginia Code unambiguously states that a defendant is not eligible for parole until he has served his minimum sentence. Id. Moreover, respondent asserts that the petitioner has not, and cannot, cite any support for his position that an indeterminate sentence confers a due process right to parole upon an inmate before his

minimum sentence has expired. Id. 9-10. Therefore, the respondent asserts that because there is no constitutional right to parole, the state legislature may limit, or even abolish, an inmate's liberty interest in parole without violating the due process clause. Id. at 10.

Additionally, the respondent notes that the petitioner's good time discharge date is not etched in stone. Id. Instead, the respondent argues that an inmate's good time date is contingent upon good conduct. Id. Therefore, the inmate has no liberty or property interest in the accumulation of good time. Id.

Finally, the respondent asserts that the petitioner was fully aware of his minimum and maximum sentencing dates at the time he entered into the plea agreement. Id. Moreover, the respondent argues that the petitioner knowingly and voluntarily entered into such agreement after consulting with counsel. Id. Thus, the respondent argues that the petitioner asserts a due process claim where none exists and his claim lacks merit. Id. Because she believes that the petitioner has failed to demonstrate that his confinement contravenes the rights and protections guaranteed under the laws or treaties of the United States, the respondent requests that the petition be denied.

**III. Standards of Review**

**A. Summary Judgment**

The Supreme Court has recognized the appropriateness of Rule 56 summary judgment motions in habeas cases. See Blackledge v. Allison, 431 U.S. 63, 80 (1977). So too has the Fourth Circuit Court of Appeals. Maynard v. Dixon, 943 F.2d 407 (4th Cir. 1991). Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to

judgment as a matter of law."

Motions for summary judgment impose a difficult standard on the moving party; for it must be obvious that no rational trier of fact could find for the nonmoving party. Miller v. Federal Deposit Ins. Corp., 906 F.2d 972, 974 (4th Cir. 1990). However, the "mere existence of a scintilla of evidence" favoring the nonmoving party will not prevent the entry of summary judgment. Anderson v Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). To withstand such a motion, the nonmoving party must offer evidence from which a "fair-minded jury could return a verdict for the [party]." Id. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir 1987). Such evidence must consist of facts which are material, meaning that the facts might affect the outcome of the suit under applicable law, as well as genuine, meaning that they create fair doubt rather then encourage mere speculation. Anderson, 477 U.S. at 248. It is well recognized that any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. Matsushita Elec. Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 587-588 (1986).

## B. Federal Habeas Review Under 28 U.S.C. § 2254

Notwithstanding the standards which govern the granting of a motion for summary judgment, the provisions of 28 U.S.C. § 2254 must be examined to determine whether habeas relief is proper. Title 28 U.S.C. § 2254 requires a district court to entertain a petition for habeas corpus relief from a prisoner in State custody, but "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Regardless, "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of

a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). However, the federal court may not grant habeas relief unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding.

28 U.S.C. § 2254(d)(1) and (2); see also Williams v. Taylor, 529 U.S. 362 (2000).

A federal habeas court may grant relief under the "contrary to" clause "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently that this Court has on a set of materially indistinguishable facts." Williams, 529 U.S. at 413. A federal court may grant a habeas writ under the "unreasonable application" clause, "if the state court identifies the correct governing legal principle from the Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. "An unreasonable application of federal law is different from an incorrect application of federal law." Id. at 410.

When a petitioner challenges the factual determination made by a state court, "federal habeas relief is available only if the state court's decision to deny post-conviction relief was 'based on an unreasonable determination of the facts.'" 28 U.S.C. § 2254(d)(2). "In reviewing a state court's ruling on post-conviction relief, we are mindful that 'a determination on a factual issue made by a State court shall be presumed correct,' and the burden is on the petitioner to rebut this presumption 'by clear and convincing evidence.'" Tucker v. Ozmint, 350 F.3d 433, 439 (4th Cir. 2003).

Here, the petitioner's claims were properly presented to the courts of the State. Because the

8

petitioner's claims were adjudicated on the merits in State court, the State's findings of fact and conclusions of law are due the appropriate deference.

**IV. Analysis**

In denying the petitioner's state habeas corpus, the Circuit Court noted that the petitioner's argument regarding good time release is precipitous. Dckt. 29 at 8. The Court found that the petitioner's claim is "conditioned upon the speculative disadvantage to him with respect to eligibility for release. In other words, the Court has no evidence for consideration that the Petitioner will be given day for day credit for good time under the current DOC system." Id.

With regard to the petitioner's parole issue, the State court recognized that under Greenholtz v. Inmates of Nebraska Penal and Corr., 442 U.S. 1, 19 (1979), "when a State adopts a parole system that applies general standards of eligibility, prisoners justifiably expect that parole will be granted fairly and according to law whenever those standards are met." Id. at 6. Moreover, the State court noted that the West Virginia Supreme Court of Appeals has recognized that an inmate has a substantial liberty interest in the procedures by which parole is granted or denied in West Virginia. Id. at 6 (citing Tasker v. Mohn, 267 S.E.2d 183 (1980). However, the State Court found that under West Virginia law, an inmate is not *entitled* to parole. Id. at 6. Accordingly, the State Court found no due process violation because the petitioner does not have an expectation or entitlement to release on parole in the State of West Virginia.

In West Virginia, an inmate must meet four objective requirements before becoming eligible to be considered for parole. See W.VA. Code § 62-12-13(b) (1)-(4). Once those four requirements are met, the inmate must then satisfy the requirement set forth in § 62-12-13(b)(5), *i.e.*, satisfying the West Virginia Parole Board that he or she is not a danger to the community. In this regard, the

West Virginia Parole Board has broad discretion in determining whether parole should be granted. See also W.Va. Code § 62-12-13(a) ("The board of parole, whenever it is of the opinion that the best interests of the state and of the inmate will be served, and subject to the limitations hereinafter provided, shall release any inmate on parole for terms and upon conditions as are provided by this article.").

Moreover, "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." Greenholtz v. Inmates of the Nebraska Penal and Corr., supra. Nonetheless, if a state chooses to have a parole system, the parole procedures must meet the minimal due process requirements of the constitution. Id. at 15-16. Therefore, in West Virginia, an inmate has a liberty interest in the procedures for granting or denying parole. See Tasker v. Mohn, supra. An inmate does not, however, have an entitlement to parole.

Upon an independent review of the record, the undersigned finds that the state court's adjudication of the petitioner's claims was not contrary to clearly established federal law. Additionally, in light of the evidence presented in the state court proceedings, the undersigned does not believe that the state court's adjudication of Petitioner's claims involved an unreasonable application of clearly established federal law, nor do the state court's findings result in a decision that is based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. As noted above, the petitioner does not have a right to be conditionally released before the expiration of his valid sentence. Nor has the petitioner stated a valid claim concerning good time release as the petitioner offers nothing more than speculation and conjecture to support that claim.

## V. Recommendation

Because there are no genuine issues of material fact, and because the petitioner fails to state a valid claim for relief, it is recommended that the respondent's Motion for Summary Judgment (dckt. 25) be **GRANTED** and the petitioner's § 2254 petition be **DENIED** and **DISMISSED WITH PREJUDICE**.

Within ten (10) days after being served with a copy of this recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections should also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Opinion/Report and Recommendation to the *pro se* petitioner.

Dated: July 12, 2007.

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE