IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


SAMUEL A. MOATS,

       Petitioner,

v.                            Civil Action No. 5:06CV14
                                        (STAMP)
EVELYN SEIFERT, Warden,

       Respondent.


**MEMORANDUM OPINION AND ORDER**
**AFFIRMING AND ADOPTING REPORT AND**
**RECOMMENDATION OF MAGISTRATE JUDGE**

I.  Procedural History

On December 3, 2003, the pro se petitioner, Samuel Moats, pled guilty to four counts of sexual abuse by a parent, guardian or custodian in violation of West Virginia Code § 61-8D-5(a). The Circuit Court of Preston County, West Virginia, accepted the petitioner's guilty plea, and on January 24, 2004, sentenced him to an indeterminate term of twenty to forty years. More specifically, the petitioner was sentenced to ten to twenty years on each count he pled to, with Counts 1, 2, and 6 to run concurrently, and Count 7 to run consecutively.

Thereafter, the petitioner filed a petition for writ of habeas corpus with the Circuit Court of Preston County, West Virginia in which he alleged that his sentence is illegal and unconstitutional. The circuit court denied the petitioner's state habeas petition on May 13, 2005. The petitioner appealed to the West Virginia Supreme Court of Appeals and his appeal was refused on November 3, 2005.

On February 3, 2006, the petitioner filed a petition in this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petitioner alleges that his sentence is illegal and unconstitutional. The petition was referred to United States Magistrate Judge John S. Kaull for preliminary review pursuant to Local Rule of Prisoner Litigation Procedure 83.13. Magistrate Judge Kaull determined that summary dismissal was not warranted at that time and directed the respondent to show cause why the petition should not be granted. The respondent filed an answer and motion to dismiss. In the answer, the respondent recognized that the petition was timely filed and that the petitioner had exhausted all available state court remedies, but denied that any violation of the petitioner's constitutional rights had occurred. In the motion to dismiss, the respondent argued that the petition failed to state a federal constitutional claim. The petitioner responded in opposition to the motion to dismiss.

Following consideration of the motion to dismiss and the response thereto, Magistrate Judge Kaull issued a report and recommendation recommending that the respondent's motion to dismiss be denied. No objections were filed and the report and recommendation was affirmed and adopted by this Court. Thereafter, the respondent filed a motion for summary judgment to which the petitioner responded. The respondent later filed, as a supplement

to its motion for summary judgment, the opinion letter issued by the state court denying the petitioner's state habeas petition.

Magistrate Judge Kaull issued a report and recommendation recommending that the respondent's motion for summary judgment be granted and that the petitioner's § 2254 petition be denied and dismissed with prejudice. The magistrate judge informed the parties that if they objected to any portion of this report, they must file written objections within ten days after being served with copies of this report. The petitioner filed objections.

## II. Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). In this case, because the petitioner has filed objections, the Court will undertake a de novo review.

## III. Discussion

In his federal petition, the petitioner realleges the grounds asserted in his state petition. The petitioner argues that his sentence is illegal because, if he receives good time while in prison, he will not be eligible for parole until he is released from prison. Additionally, the petitioner contends that he has a

substantial liberty interest in parole which was harmed, in violation of due process, by the 1998 revisions to West Virginia Code § 61-8D-5. In her motion for summary judgement, the respondent contends that she is entitled to summary judgment in this case and that the petitioner's § 2254 petition must be dismissed with prejudice because there is no federal constitutional right to parole. Magistrate Judge Kaull recommended that summary judgment be granted in favor of the respondent because the state court's adjudication and denial of the petitioner's application for a writ of habeas corpus was not contrary to and did not involve an unreasonable application of clearly established federal law.

In <u>Williams v. Taylor</u>, 529 U.S. 362 (2000), the United States Supreme Court held that 28 U.S.C. § 2254(d)(1) defines two categories of cases in which a state prisoner may obtain federal habeas relief with respect to a claim adjudicated on the merits in state court. A federal court may grant a writ of habeas corpus if the state court adjudication resulted in a decision that: (1) was contrary to clearly established federal law as determined by the Supreme Court of the United States or (2) involved an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States. 28 U.S.C. § 2254(d)(1)[1]; <u>see</u>

---

[1] A federal court may also grant a writ of habeas corpus if the state court adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(2). This provision is not applicable in this case because

also <u>Williams</u>, 529 U.S. 362.  In reviewing a state court's ruling on post-conviction relief, federal courts must be mindful that "'a determination on a factual issue made by a State court shall be presumed correct,' and the burden is on the petitioner to rebut this presumption 'by clear and convincing evidence.'"  <u>Tucker v. Ozmint</u>, 350 F.3d 433, 439 (4th Cir. 2003).

In this case, Magistrate Judge Kaull, giving appropriate deference to the state court's findings of fact and conclusions of law, recommended that the respondent's motion for summary judgment be granted and the petitioner's § 2254 petition be denied because no genuine issues of material fact exist and because the petitioner fails to state a claim upon which relief can be granted.  The magistrate judge noted that under West Virginia law, an inmate does not have an entitlement to parole.  <u>Greenholtz v. Inmates of the Nebraska Penal and Corr. Complex</u>, 442 U.S. 1, 19 (1979) Rather, as recognized by the state court below, the West Virginia parole statute, West Virginia Code § 62-12-13, creates a reasonable expectation interest in parole in those prisoners meeting its objective criteria.  Thus, "release on parole is a substantial liberty interest and the procedures by which it is granted or denied must satisfy due process standards."  <u>Tasker v. Mohn</u>, 267 S.E.2d 183, Syl. pt. 3 (W. Va. 1980).

---

the petitioner contends that a mistake of law was made, not a mistake of fact.

The petitioner contends in his § 2254 petition that this substantial liberty interest in parole was eliminated by the 1998 revisions to West Virginia Code § 61-8D-5 which prohibits, inter alia, sexual abuse by a parent, guardian, custodian or person in a position of trust to a child. Specifically, the petitioner argues that when the legislature increased the sentence under West Virginia Code § 61-8D-5 from five to fifteen years to ten to twenty years, it eliminated his substantial liberty interest in parole because, assuming that the petitioner receives good time credit for every day served, he will be eligible for release from incarceration on the same day that he will be eligible for parole. Therefore, the petitioner argues that the revised statute is unconstitutional because he may not be eligible for parole before he becomes eligible for release.

Both the state court and the magistrate judge rejected the petitioner's argument as speculative. Each found that the petitioner presents no evidence that he will receive good time credit for each day served under the Department of Corrections' ("DOC") current system. Even assuming that the petitioner receives good time credit for each day served, the magistrate judge noted that an inmate does not have a constitutional right to be conditionally released before the expiration of a valid sentence. In his objections, the petitioner argues that he is not claiming an entitlement to release on parole, rather he is claiming an

6

entitlement to be considered for parole prior to the discharge of his sentence.

The speculative interplay identified by the petitioner between the DOC's good time credit system and the sentence the petitioner has received under West Virginia Code § 61-8D-5 does not render West Virginia Code § 61-8D-5 unconstitutional. The statutory sentence provided for under West Virginia Code § 61-8D-5 does not deprive the petitioner of procedural due process. Rather, the procedures in place for determining whether parole should be granted or denied are available to each person qualifying for parole consideration. The fact that petitioner may not qualify for consideration prior to the potential termination of his sentence via good time credit does not constitute a denial of due process.

## IV. Conclusion

Because, after a de novo review, this Court concludes that the magistrate judge's recommendation is proper and the petitioner's objections to the report and recommendation lack merit, this Court hereby AFFIRMS and ADOPTS the magistrate judge's report and recommendation in its entirety. Accordingly, the petitioner's § 2254 motion is DENIED and DISMISSED WITH PREJUDICE and the respondent's motion for summary judgment is GRANTED. It is ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on the issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within thirty days after the date of the entry of the judgment order. Upon reviewing the notice of appeal, this Court will either issue a certificate of appealability or state why a certificate should not issue in accordance with Federal Rule of Appellate Procedure 22(b)(1). If this Court should deny a certification, the petitioner may request a circuit judge of the United States Court of Appeals for the Fourth Circuit to issue the certificate.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the petitioner and counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:    August 23, 2007


/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE